IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO OSORIO, ANTONIO LUIS OSORIO, SARYMAR BUSHER and BRANDY OSORIO<br>Plaintiffs<br>vs<br>GRUPO HIMA SAN PABLO, INC., d/b/a HOSPITAL HIMA SAN PABLO FAJARDO; DR. JAMIL ABOUELHOSSEN; DR. ALEXIS PABLOS DUCLERC; DR. JESUS BUONOMO; DR. IVAN ANTUNEZ; DR. RAFAEL PASTRANA-LABORDE; ABC INSURANCE; EFG INSURANCE; JOHN DOE; JAMES ROE; MOE-FOE CONJUGAL PARTNERSHIPS I-X; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DEL SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA (SIMED); XYZ INSURANCE CO, INC.<br>Defendants | CIVIL 15-1729CCC |

## OPINION AND ORDER

Before the Court is defendant Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria's ("SIMED," hereinafter) Motion for Partial Summary Judgment (**d.e. 51**), which is unopposed.

## BACKGROUND

Plaintiffs Robert Osorio, Antonio Luis Osorio, Sarymar Busher, and Brandy Osorio filed this diversity action for damages on May 29, 2015. They allege that, as a result of negligence on the part of defendants Dr. Jamil Abouelhossen, Dr. Carlos Tejeda, Dr. Alexis Pablos DuClerc, Dr. Jesus Buonomo, Dr. Ivan Antunez, Dr. Rafael Pastrana-Laborde, *inter alia*, they were

CIVIL 15-1729CCC                               2

deprived of the companionship, support, and love of Enid Cerra-Albo, who they aver perished as a result of said negligence.

Plaintiffs allege that co-defendant SIMED was the insurer of "one or more of the physician co-defendants" and is liable for their negligence pursuant to 26 P.R. Laws Ann. § 2001.  (d.e. 1, p. 4).

In its Motion to Dismiss (d.e. 51), SIMED argues that it is not liable for any negligence on the part of doctors Buonomo, DuClerc, Antunez and Pastrana because the former two never had a policy with SIMED, and the latter two had policies that were not valid at times relevant to plaintiffs' claim.

For the reasons set forth below, SIMED's Partial Motion for Summary Judgment (d.e. 51) is **GRANTED** as to its liability for doctors Buonomo and DuClerc, and **DENIED** as to its liability for doctors Antunez and Pastrana.

**STANDARD OF REVIEW**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and "[a] genuine issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the

CIVIL 15-1729CCC                              3

[evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact."   *Crawford-El v. Britton*, 523 U.S. 574, 600 n. 22, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); Fed. R. Civ. P. 56(c)(1).  If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim.   *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).  Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## DISCUSSION
### I.   *Doctors Buonomo and DuClerc*

Plaintiff presented no evidence or specific allegations indicating that doctors Buonomo and DuClerc possessed policies with movant SIMED. Defendant attested that it never issued policies to either Buonomo or DuClerc. (d.e. 51, p. 2).  Plaintiff did not oppose. Having considered said evidence and argument, movant SIMED's Motion for Partial Summary Judgment as to these two doctors is **GRANTED**.

CIVIL 15-1729CCC                               4

## II.   *Doctors Antunez and Pastrana*

SIMED argues that doctors Antunez and Pastrana are not covered for plaintiffs' claims because their policies were inactive at the time the claims were made. Additionally, SIMED argues that Dr. Pastrana was insured by another provider against plaintiffs' claims.

The Court notes as a preliminary matter that in its motion, SIMED switches back and forth in referring to Policy Section IX as the "Automatic Extended Reporting" Section (d.e. 51, ¶ 6), and the "Optional Extended Reporting" Section (d.e. 51, ¶¶ 2, 5). SIMED is confused. Sections X and XI cover the "Optional Extended Reporting Period," which must be purchased by the insured (d.e. 51, Ex. 3, pp. 26-27; d.e. 51, Ex. 4, pp. 28-29). Section IX of both doctors' policies is entitled "Automatic Extended Reporting Period." It reads:

> IX.   Automatic Extended Reporting Period
>
> **Notwithstanding the provision of the preceding Section I, the period for reporting claims or suits shall be automatically (and without the payment of any additional premiums) extended for a period of sixty (60) days** if the insurance provided by its policy is terminated by either the Syndicate or the Insured, for whatever reason, except for the Insured's nonpayment of premiums. This sixty (60) day extended reporting period shall only apply to claims first made against the Insured during the sixty (60) days following immediately upon the effective date of such termination, but only by reason of claims because of injury to which this policy applies, arising out of the rendering of or failure to render professional services by the Insured on or after the retroactive date of this policy and prior to the effective date of such termination, and subject otherwise to all of the terms, exclusions and conditions of this policy. There shall be no separate aggregate limit of liability for the sixty (60) day extended reporting period, and it shall be subject to the remaining aggregate limit if (sic) liability, if any, of this policy.

d.e. 51, Ex. 3, p. 26; d.e. 51, Ex. 4, p. 27). Section I, Coverage A ("Individual Professional Liability"), which is also included in both doctors' policies reads, in pertinent part:

CIVIL 15-1729CCC 5

> The Syndicate will pay on behalf of the Insured, with respect only to his practice within the Commonwealth of Puerto Rico: All sums which the Insured shall become legally obligated to pay as damages because of injury to which this policy applies caused by medical incident, occurring on or after the retroactive date, for which a claim is first made against the Insured and reported to the Syndicate during the policy period, arising out of the rendering of or failure to render professional services by the Insured as a physician, surgeon or dentist.

(d.e. 51, Ex. 3, p. 16; d.e. 51, Ex. 4, p. 18). Finally, Section III of both policies, entitled, "When Claim is to Be Considered as First Made," establishes:

> A claim for injury shall be considered as first being made at the earlier of the following times:
>
> (1)   when the insured first gives written notice to the Syndicate that a claim has been made,
>
> (2)   when the claimant first gives written notice to the Syndicate of a claim, or
>
> (3)   when the Insured first gives written notice to the Syndicate of:
>
>   (a)   a specific act, error or omission which may subsequently give rise to an actual claim or suit, arising out of the rendering of or failure to render professional services;
>
>   (b)   the injury or damage which has resulted or may result from such act, error or omissions; and
>
>   (c)   the circumstances by which the Insured first became aware of such act, error or omission.(d.e. 51, Ex. 3, p. 18; d.e. 51, Ex. 4, p. 20)

**Dr. Antunez**

According to SIMED, Dr. Antunez had a policy effective from April 10, 2014 to April 10, 2015, which was not renewed. (d.e. 51, ¶ 2). This is supported by a sworn statement by Maria del Carmen Alfonso-Valle. (d.e. 51, Ex. 2, p. 1). Dr. Antunez's policy is also attached to SIMED's Motion for Summary Judgment (d.e. 51, Ex. 3). Plaintiffs filed their Complaint (d.e. 1) on May 29, 2015.

CIVIL 15-1729CCC                           6

The record contains no arguments or evidence as to whether or not a claim was made by either Dr. Antunez or plaintiffs under the relevant terms of Dr. Antunez's policy, reproduced above. To wit, the Court cannot reach conclusions as to whether plaintiffs made claims to SIMED or Dr. Antunez before April 10, 2015, or whether Dr. Antunez reported the events that form the foundation for plaintiff's complaint before or during the Automatic Extended Reporting Period's 60-day window, (d.e. 51, Ex. 3, p. 26), which expired on June 14, 2015.

Because the record before us is insufficient to support a conclusion that plaintiffs did not make their claim, or that defendant Antunez did not report plaintiffs' claim, during the validity of defendant Antunez's policy, defendant SIMED's Motion for Summary Judgment as to its liability for Dr. Antunez is **DENIED**.

**Dr. Pastrana**

SIMED presents Dr. Pastrana's policy as Exhibit 4 to its Motion (d.e. 51), which was effective from July 19, 2014 to July 19, 2015, with a retroactive date of July 19, 2007 (d.e. 51, Ex. 4). SIMED avers that Dr. Pastrana cancelled his policy on June 4, 2015 when he purchased a policy from another insurance company. (d.e. 51, ¶ 5). It presents the sworn statement of Maria del Carmen Alfonso Valle (d.e. 51, Ex. 2, p. 3) in support of said averment. SIMED argues that Section IX does not apply because it was amended such that it does not apply to doctors who are covered by another insurer during the Automatic Extended Reporting Period's 60-day window. (d.e. 51, ¶ 6).

Section IX, "Automatic Extended Reporting Period" is reproduced above. Amendment SME-44-2002, in relevant part, reads as follows:

CIVIL 15-1729CCC 7

> The following was added to section IX. Automatic Extended Reporting Period.
>
> This Automatic Extended Reporting Period does not apply to claims first made against the Insured that are covered under any subsequent insurance or any other extended reporting period coverage the Insured purchased, or that would otherwise be covered under said coverage, but for exhaustion of the amount of insurance applicable to such claim.

(d.e. 51, ¶ 6; d.e. 51, Ex. 4, p. 12).

Plaintiffs filed their Complaint (d.e. 1) on May 29, 2015, and served summons upon SIMED on June 11, 2015 (d.e. 5). Plaintiffs' service of summons on June 11, 2015 equates to a claim having been made under Section III(2) on that date. This falls within the validity period of Dr. Pastrana's policy, which was to expire on its terms on July 19, 2015. However, according to SIMED, Dr. Pastrana cancelled his policy on June 4, 2015. (d.e. 51, ¶ 5; d.e. 51, Ex. 2, p. 3). We reiterate that plaintiffs did not oppose SIMED's Motion or otherwise contest the averments of Ms. Alfonso Valle.

If the record were to support the conclusion that plaintiffs' service of summons was the earliest point at which a claim was made under the definitions in Section III of Dr. Pastrana's policy, then we would be compelled to grant SIMED's Motion. However, SIMED does not argue that plaintiffs did not make, or that Dr. Pastrana did not report, a claim before June 4, 2015. Furthermore, the record is insufficient to support such a conclusion. Accordingly, SIMED's Motion for Summary Judgment as to its liability for Dr. Pastrana is **DENIED**.

## CONCLUSION

For the reasons stated above, SIMED's Partial Motion for Summary Judgment (d.e. 51) is **GRANTED** as to its liability for doctors Buonomo and

CIVIL 15-1729CCC                              8

DuClerc, and **DENIED** as to its liability for doctors Pastrana and Antunez. Accordingly, the Court will enter Judgment **DISMISSING WITH PREJUDICE** plaintiffs' claims for liability on the part of SIMED for alleged negligence on the part of doctors Buonomo and DuClerc.

    SO ORDERED.

    At San Juan, Puerto Rico, on August 17, 2016.


                                                  S/CARMEN CONSUELO CEREZO
                                                  United States District Judge