IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO OSORIO, ANTONIO LUIS OSORIO, SARYMAR BUSHER and BRANDY OSORIO<br><br>Plaintiffs<br><br>vs<br><br>GRUPO HIMA SAN PABLO, INC., d/b/a HOSPITAL HIMA SAN PABLO FAJARDO; DR. JAMIL ABOUELHOSSEN; DR. ALEXIS PABLOS DUCLERC; DR. JESUS BUONOMO; DR. IVAN ANTUNEZ; DR. RAFAEL PASTRANA; DR. CARLOS TEJEDA; ABC INSURANCE; EFG INSURANCE; JOHN DOE; JAMES ROE; MOE-FOE CONJUGAL PARTNERSHIPS I-X; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DEL SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA (SIMED); XYZ INSURANCE CO, INC.<br><br>Defendants | CIVIL 15-1729CCC |

## EVIDENTIARY RULING

The minutes of June 20, 2017 (d.e. 122) set forth orders entered by the Court during the pretrial/settlement conference held on that same date.  See

Minute Order (d.e. 122).  Among these, the Court ordered that plaintiffs Sarymar Busher, Roberto, Antonio and Brandy Osorio provide amended proffers of their testimonies, as indicated at page 3.

As to Sarymar Busher, decedent Enid Cerra's daughter, the Court referred to the first sentence of her proffer at page 96 of the Joint Proposed Pretrial Order (d.e. 100) filed on March 17, 2017.  The first sentence of Sarymar Busher's proffer at docket entry 100 was:  ". . . will testify regarding <u>some of the events</u> prior to Mrs. Cerra's surgery and <u>events</u> that transpired at HIMA San Pablo Fajardo during [Ms. Cerra's] hospitalization."  (Emphasis ours.)  The Court's Minute Order as to Sarymar Busher at docket entry 122 filed on June 20, 2017 was very clear: since Busher referred generally to "events," the Court required an amended proffer in which she had to state which specific events prior to Cerra's surgery and which specific events that transpired during her hospitalization was Busher referring to.  That was the extent of the amended proffer required of Busher.  Plaintiff Busher disregarded the clear directive in two ways:  (1) she never specifies in her amended proffer to which specific events prior to Cerra's surgery and that transpired during Cerra's hospitalization would she be testifying to, and (2) she significantly expanded her original proffer at page 96 of docket entry 100 without authorization.

Given plaintiff Sarymar Busher's lack of compliance with the Court's Order to file a limited amended proffer, the amendments submitted to Sarymar Busher's proffered trial testimony at page 2 of the Motion in Compliance (d.e. 120) is STRICKEN.   Her original proffered testimony, at pages 96-97 of the Joint Proposed Pretrial Order (d.e. 100), without any reference to testimony of events prior to Cerra's surery and events that transpired at HIMA San Pablo during her hospitalization, is the only proffered trial testimony by Busher that will be allowed.

As to the amended proffers that the Court ordered provided by plaintiffs Roberto, Antonio and Brandy Osorio, it was required in the Minute Order of June 20, 2017 that each of them provide information as to:

- Who provided the information of the events to each and in what manner.
- To which specific events prior to surgery and during hospitalizations does each witness refer to.
- Under what hearsay exclusion will would such testimony of Roberto, Antonio and Brandy Osorio be admissible.

The reason for requiring the amended proffers was that the Osorio plaintiffs described their original proffers at docket entry 100 as testimonies "regarding their partial knowledge, perceived from a distance, of some of the events prior to decedent's surgery, and events during her hospitalization."

Having considered their amended proffers, the Court finds that plaintiffs Roberto, Antonio and Brandy Osorio have also disregarded the Minute Order

of docket entry 122 at page 3.   That Order required three items of information that were specifically spelled out.   Each of the Osorio plaintiffs has, instead, extensively modified their original proffers yet failed to provide the information requested.   Such information was to address that portion of the original proffer which reads: "regarding his/her partial knowledge, perceived from a distance, of some of the events prior to Mrs. Cerra's surgery and of the events that transpired at HIMA San Pablo Fajardo during Mrs. Cerra's hospitalizations."

Defendant Dr. Iván Antúnez' Motion in Limine filed on August 1, 2017 (d.e. 123) raises these plaintiffs' lack of compliance with the Order requiring them to address the three specific items required by the Court to be included in their amended proffer.   Movant further contends that the three Osorios testified during their depositions that they were not present during Cerra's hospitalizations or medical visits and that the source of their information came from phone conversations with family members.   He seeks that the Court limit their trial testimony to relevant incidents or events that transpired in their presence.

Having considered the Motion in Limine to Exclude Testimony Pursuant to Fed. R. Evid. 801 filed by defendant Antúnez (**d.e. 123**) and the Opposition filed on August 22, 2017 (d.e. 128), said Motion is GRANTED.   Accordingly, the amended proffers submitted by Antonio, Roberto and Brandy Osorio on

July 11, 2017 (d.e. 120) at pages 2-3 are STRICKEN.  Their original proffers are allowed only insofar as their <u>trial testimonies are based on personal knowledge</u>, not on "partial knowledge, perceived from a distance."

    SO ORDERED.

    At San Juan, Puerto Rico, on February 8, 2018.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge